UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN J. ROSE,

          Plaintiff,

   v.                **DECISION AND ORDER**
                      08-CV-883S
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

   1.  Plaintiff John J. Rose challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled due to diabetes mellitus, blood circulation problems, an emotional problem, and high cholesterol since July 31, 2001. (R. at 81-82.) Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

   2.  Plaintiff filed an application for disability insurance benefits ("DIB") on September 13, 2004. (R. at 75-77.) Plaintiff's application was initially denied (R. at 64-67), prompting Plaintiff to request a hearing before an ALJ (R. at 58). The ALJ conducted a hearing on May 15, 2007, at which time Plaintiff appeared with counsel and testified. (R. at 496-522.) The ALJ considered the case *de novo*, and on October 3, 2007, issued a written decision denying Plaintiff's applications for benefits. (R. at 18-31.) On October 10, 2007, the Appeals Council denied Plaintiff's request for review. (R. at 6-9.) Plaintiff filed this action challenging Defendant's final decision on December 4, 2008.[1]

---

[1] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

3.      The parties subsequently filed Motions for Judgment on the Pleadings.[2] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on August 7, 2009. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

[2] Defendant filed his motion on May 29, 2009 (Docket No. 4), and Plaintiff filed his motion on June 24, 2009 (Docket No. 8).

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since July 31, 2001 (R. at 23); (2) Plaintiff's "diabetes mellitus and chronic obstructive pulmonary disease" constitute "severe" impairments within the meaning of the Act (R. at 23); (3) Plaintiff's medically-determinable impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 23); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work but must not engage in work that requires prolonged exposure to cold temperatures (R. at 23-29); and (5) although Plaintiff is unable to perform any past relevant work, based on age, education, work experience, and RFC, there are jobs that exists in significant numbers in the national economy that he can perform (R. at 29-30). Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from July 31, 2001, through October 3, 2007, the date of the ALJ's decision. (R. at 30-31.)

10. Plaintiff advances three challenges to the ALJ's decision. First, Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence. (Pl.'s

4

Mem., Docket No. 8, pp. 6-9.) In support, Plaintiff contends that the ALJ erred by failing to extend controlling weight to the opinion of Dr. Keith Felstead, his treating physician. (Id.)[3]

According to the "treating physician rule,"[4] the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Here, this Court finds that the ALJ's decision to not extend controlling weight to Dr. Felstead's opinion is supported by substantial evidence. First, the ALJ found that Dr. Felstead's opinion is not supported by objective medical evidence. (R. at 29.) This is not in dispute, as Dr. Felstead, in his clarifying opinion, left blank the question that asked him to provide the objective medical findings upon which he relied. (R. at 415.) In fact, Dr. Felstead indicated that he relied upon Plaintiff's subjective complaints. (R. at 416, 418.)

Second, as the ALJ noted, Dr. Felstead's opinion is unsupported by his treatment notes. For example, despite the fact that the questionnaire specifically asked him to refer to his treatment notes, Dr. Felstead has not provided any notes in support of his conclusion. (R. at 415-16.) Moreover, while Dr. Felstead opined that Plaintiff had

---

[3] Dr. Felstead actually authored two opinions that are the subject of Plaintiff's challenge. However, the second opinion dated July 31, 2007 (R. at 414-419) is a clarification of Dr. Felstead's first opinion dated May 7, 2008 (R. at 405-10.) Dr. Felstead clarified his first opinion at the request of the ALJ. (R. at 414.)

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

numerous limitations with respect to his abilities to sit and walk because of his leg cramps, and also recommended that he needed to rest for two hours out of an eight hour workday due to fatigue (R. at 416), the ALJ noted that Dr. Felstead never referred him to any specialists in order to treat these issues. (R. at 29.)

Third, the ALJ found that Dr. Felstead's opinion conflicted with that of Dr. Christine Holland, the consulting examiner. (R. at 29.) Dr. Holland concluded that, besides mild limitations to working in the cold, Plaintiff has no limitations. (R. at 179.) Further, in determining Plaintiff's prognosis, Dr. Holland concluded that Plaintiff "appears stable." (R. at 178.) Thus, this Court finds that the ALJ's refusal to extend controlling weight to Dr. Felstead's opinion is supported by substantial evidence. Accordingly, Plaintiff's first challenge is rejected.

11. Second, Plaintiff argues that the ALJ erred by not eliciting the testimony of a vocational expert in order to determine whether jobs exist that are consistent with his restrictions. (Pl.'s Mem., pp. 9-10.)

Defendant has the burden of establishing that Plaintiff is independently capable of performing work. See Mimms v. Heckler, 750 F.2d 180, 185 (2d Cir. 1984) ("once the claimant has established a prima facie case by proving that his impairment prevents his return to his prior employment, it then becomes incumbent upon the [Commissioner] to show that there exists alternative substantial gainful work in the national economy which the claimant could perform").

In the ordinary case, this burden is satisfied by resorting to the applicable medical vocational guidelines, also known as "the Grids." See Bapp v. Bowen, 802 F.2d 601, 604 (2d Cir. 1986). But if a claimant's non-exertional impairments *significantly* impact her ability to perform work, then the Grids in all likelihood will not accurately determine disability

6

status because they fail to take into account the claimant's non-exertional impairments. See id. at 605; Cangelosi v. Chater, No. 94 Civ. 2694, 1996 WL 663161, *5 (E.D.N.Y. Nov. 5, 1996) ("applicability of the Grids should be determined on case-by-case basis"). Where it is established that a claimant's non-exertional limitations are significant, "the Secretary must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." Bapp, 802 F.2d at 603.

Here, the ALJ found that Plaintiff did not suffer from any non-exertional limitation, let alone suffer to a significant extent from one. (R. at 23.) Rather, the ALJ found that Plaintiff could "perform light work but must not engage in work that required prolonged exposure to cold temperatures." (R. at 23); see also Ortiz v. Shalala, No. 93 Civ. 4501, 1994 WL 481921, *2 n.1 (S.D.N.Y. Sept. 2, 1994) ("A nonexertional impairment is one which does not directly affect the ability to sit, stand, walk, lift, carry, push or pull."). Because Plaintiff's argument in support of a greater level of restriction is based on Dr. Felstead's opinion, which the ALJ rejected for the reasons mentioned above (Pl.'s Mem., p. 9), this Court finds that the ALJ committed no error, and Plaintiff's second challenge is rejected.

12. Third, Plaintiff argues that the ALJ erred by not considering his work history when evaluating his credibility. (Pl.'s Mem., pp. 10-11.) "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01 Civ. 3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of

7

employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519.

However, the ALJ's failure to take account of a plaintiff's good work history does not necessarily require remand where the credibility assessment is supported by substantial evidence. See Messina v. Astrue, No. 09 Civ. 2509, 2009 WL 4930811, at *7 (S.D.N.Y. Dec. 21, 2009); see also Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

Here, although there was no discussion about Plaintiff's work history, this Court finds that the ALJ's credibility determination is nonetheless supported by substantial evidence. For instance, the ALJ noted that, despite his claim of disability, Plaintiff pulls weeds, cuts the grass, carries his laundry up two flights of stairs, makes breakfast and lunch, drives to the store to get a newspaper, occasionally vacuums and does laundry, sweeps, unloads the dishes from the dishwasher, and goes shopping. (R. at 25.) Further, Plaintiff continues to smoke one and one-half packs of cigarettes per day despite being told by his doctors to stop. (R. at 25, 515-16); see also SSR 96-7p, 1996 WL 374186, at *3 (S.S.A.) (factors that aggravate the symptoms are to be considered when evaluating credibility). And in a report from April 2004, Plaintiff indicated that he was looking for outdoor work: namely, landscaping. (R. at 166.) Lastly, because Plaintiff requested help for erectile dysfunction, and received the "max dosage of viagra," it appears that he is healthy enough for sexual activity. (R. at 27, 203.) Accordingly, the ALJ's credibility determination is supported by substantial evidence, and Plaintiff's third challenge is rejected.

13. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: March 19, 2010
      Buffalo, New York

      /s/William M. Skretny
      WILLIAM M. SKRETNY
      Chief Judge
      United States District Court